SCUDDER and others *vs.* BOGERT and others, executors of Scudder, deceased.

---

If a bill against executors calls specifically and particularly for accounts in all their various details, a very voluminous schedule, containing a copy from the books of account, specifying each item of debit and credit, will not be impertinent. *It seems*, it would have been impertinent, if the bill had not thus called for it.

Copies of receipts taken by the defendants, for monies paid and charged in account, and making an immense schedule to an answer, are impertinent.

---

*July* 3, 1832.

*Pleadings. Exceptions for impertinence.*

THIS cause came before the court on exceptions to the master's report, allowing one exception and disallowing another taken for impertinence to the answer of the defendant. Each party excepted to the report.

The excepted parts were contained in schedules attached to the answer, and are sufficiently referred to in the opinion of the court.

The bill was filed for the purpose of compelling the defendants to account as trustees and executors.

Mr. *Peter A. Jay* and Mr. *John R. Hedley*, for the complainants.

Mr. *W. H. Elting* and Mr. *Alexander L. McDonald*, for the defendants.

*August* 6.

THE VICE-CHANCELLOR. Two exceptions to the defendant's answer for impertinence were referred; and one was allowed, while the other was disallowed. Each party now excepts to the master's report.

The exception disallowed, and which has given rise to the complainants' exception to the report, proceeds upon the

ground, that a schedule annexed to the answer, containing an account between the estate of John Scudder and the defendants as executors, and between the executors and the widow and each of the children of the testator, is unnecessarily and oppressively long.

The bill charges it to be the duty of the defendants to exhibit a particular, full, true, and just account of the administration of the estate and of their trusts under the will; and it prays a discovery, particularly of what sums they have received from the estate, what sums have been expended, at what time, to whom, and for what purpose particularly, and whether the defendant Bogert has not been applied to and requested to exhibit an account of the receipts and disbursements of the estate, and whether he has ever exhibited such an account to the complainants, &c., and what the said account or accounts contain; and that the defendant may annex a copy or copies thereof to his answer.

Under this call the defendants have set forth, in the schedule in question, a copy or transcript from the books of account, specifying each item of debit and credit, commencing at the death of the testator in August one thousand eight hundred and twenty-one, and carried down to about the period of putting in the answer; making, altogether, a very voluminous and expensive appendage to it. But the question is, whether the defendants have done more than they were called upon to do by the bill? If the bill had contained only the common interrogatory, and had, in general terms, required the defendants to set forth an account, it is probable that a statement of sums in gross, instead of the items in detail, is all they would have been justified in giving: Beaumont v. Beaumont, 5 Mad. 51; Norway v. Rowe, 1 Meriv. 347. But the master appears to have considered the bill as calling specifically and particularly for an account of items in all their various details; and hence, that the defendants were justified in giving an account thus made out from their books. I agree with the master in this conclusion: for I do not well see how the defendants could avoid setting forth the account either under the prayer for a discovery of the sums received and of the sums expended, and at what time,

and to whom, and for what purpose particularly, or under the latter branch, requiring them to answer what the accounts (if any were previously exhibited) contained, and to annex copies.

It is true, the answer does not distinctly aver that the schedule contains no more than a copy of the accounts rendered; and the complainants insist it contains a good deal more as well as more than they called for. But, from the whole scope of the bill, I think the defendants might well have supposed they were bound to furnish the entire accounts; and these are no more than were virtually exhibited to the parties interested: for it appears, the defendants placed a book under the control of the complainants, (and their mother, while she was alive,) for inspection, and in which the accounts were written up from time to time; and that the schedule is a copy of what was contained in this book. If the complainants did not desire a copy of the whole account, I think they should have limited or specified more particularly the extent of their call. Although it may now appear to be useless to have such a mass of matter set forth in the answer by way of schedule annexed, yet it is not for this reason alone impertinent.

But, another objection is urged against the schedule: that it is a confused mass, and not a regular statement of the accounts, exhibiting upon its face no result and requiring it to be re-stated in order to show the actual balances. I do not, however, perceive any difficulty on this score. Upon inspection, it is found to contain the debit and credit sides of the accounts set forth alternately, with a balance frequently struck and carried forward to the commencement of a new debit or credit. It is, therefore, as clear an account as if made out upon the opposite sides of a sheet or in any other form. In every point of view, I think the exception fails, and that the master was right in disallowing it.

The second exception, which was the one allowed by the master and in respect to which the defendants except to the report, relates to another schedule annexed to the answer, containing copies of all the receipts taken by the executors for the monies paid and charged in the account.

'This is not called for by the bill; and I do not see the necessity or propriety of permitting the defendants to load the record with this immense schedule containing merely copies of vouchers and documents which may be given in evidence upon the hearing, if necessary, or before a master on taking the accounts. Parties in pleading are permitted to state all the facts material or relevant to the case, and this may sometimes be done in schedules annexed to and forming a part of a pleading: but they are not to be permitted to set forth at large the evidence or proof of the facts. Such a practice would become too burthensome to the court and oppressive to the suitor, and ought not to be tolerated.

The case of *Parker* v. *Fairlie*, 1 *S. & S.* 295, before the Vice-Chancellor and on appeal to the Chancellor, 1 *Turn. & R.* 362, has been referred to as establishing a different rule. There, the defendant was obliged to answer, not from a personal knowledge of facts, but as to his belief, and he referred to certain affidavits and certificates which he had received, upon which his belief was founded, and copies whereof he annexed by way of schedule to his answer. It was held by the Vice-Chancellor, that such schedule was not impertinent, because, by referring to the affidavits and certificates as forming the grounds of his belief, weight and credit were thereby added to it, and as the degree of weight and credit depended upon the particular language of the documents, it was not useless to set them forth in *hæc verba*. Lord Eldon had some difficulty in concurring with the Vice-Chancellor, but, finally, he did disallow the exception for impertinence, for other reasons and upon other grounds. None of these reasons, however, apply to the present case; for, here, the defendant, Bogert, to whom the receipts were all given, answers ·from his own knowledge of the payments to which the receipts and certificates relate; the same having been made by himself and charged in the accounts, which he avers to be correct. This is, consequently, a very different case from the one just cited; and I think even the practice which was there allowed is not to be followed, except under similar circumstances, lest that which partakes of the character of evidence, and which can only be introduced.

1832.

SCUDDER
v.
BOGERT.

as such at the proper season, should, unnecessarily, be brought forward in the pleadings, and these two subjects, distinct in themselves, be improperly confounded.

It is said, however, in argument, that the defendants Pintard and Dixey have a right to retain this schedule, as a part of the answer, for their justification in passing, as they have done, upon the accounts kept by their co-trustee, Mr. Bogert. This argument cannot succeed; because it is not necessary, even as respects these defendants, any more than the others, that copies of the receipts should be exhibited in this manner. When the originals are produced in evidence, they will have the benefit of them as evidence; and as far as the accounts happen to be supported by proof, the defendants will be protected, but no further.

It is urged, moreover, that the accounts do not show, in every instance, the object or purpose of the payment as inquired about by the bill, and hence, the receipts are necessary because they explain what the money was paid for. I observe, however, that almost every charge in the accounts explains itself; and sufficiently so for all useful purposes. If the answer had been put in without the copies of the receipts, but had had the accounts annexed, it could not have been deemed defective.

One other ground has been taken, and it is entitled to some notice. It is: that there are copies of confirmatory receipts and receipts for stocks or funds handed over to some of the complainants as they came of age, and which do not appear by any corresponding charges in the accounts: and these it will be improper to expunge, because the defendants may lose the right of giving them in evidence in the cause. I do not think this consequence will follow; for the transactions to which they refer are sufficiently set out in the body of the answer; and under those statements and averments, the defendants will doubtless have the right to give these in evidence.

Upon neither of the grounds, therefore, nor upon any other that has been taken, is there enough, in my opinion, to justify the court in retaining this immense schedule as a part of the answer.

The master's report upon both exceptions is correct, and must be affirmed. Under the 63d rule of the court, neither party can have costs against the other.